# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEE COTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-743-D |
| | ) |
| GARFIELD COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se,* has filed this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with that referral, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. On August 26, 2014, the undersigned entered an order (ECF No. 10) advising Plaintiff that service must be effected on each Defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). The Court issued two Orders (ECF Nos. 13 and 15) advising Plaintiff that his failure to submit the required service paperwork and timely serve the Defendants could result in the dismissal of this action. Fed. R. Civ. P. 4(m).

A review of the court file indicates that as of this date, the Plaintiff has neither filed proof of service nor responded to the Order (ECF No. 15) directing him to submit the required copies to properly effect service.

As of the date of this order, the deadline for submitting the required copies to properly effect service passed over six weeks ago and the Plaintiff has failed to comply with the Court's Orders. Further review of the Court's docket shows that Plaintiff filed his complaint on July 15, 2014, therefore the 120 day time limit for service has long since expired. Despite being granted two permissive extensions of time to submit the necessary service paperwork, Plaintiff has not complied with the Court's orders. Specifically, he has neither filed proof of service nor provided the required paperwork to complete service.

The undersigned finds that Plaintiff's failure to comply with the Court's Order, in light of the Court's right and responsibility to manage its cases, warrants dismissal of this action without prejudice. See *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007) (*sua sponte* dismissal for failure to comply with Court's orders is permitted under federal rules, and court need not follow any particular procedures in dismissing actions without prejudice for failure to comply).

## **RECOMMENDATION**

Based on the foregoing findings, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to comply with this Court's orders, specifically failing to submit the necessary paperwork required for service. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **April 27, 2015**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this

Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on April 9, 2015**.**

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE